HOWARD SHAPIRO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shapiro v. Commissioner
Docket No. 6083-76.
United States Tax Court
T.C. Memo 1979-427; 1979 Tax Ct. Memo LEXIS 97; 39 T.C.M. (CCH) 362; T.C.M. (RIA) 79427; October 15, 1979, Filed Edward Mendlowitz , for the petitioner. William F. Halley, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency of $9,744 in petitioner's income tax for 1973. Some adjustments have been conceded by petitioner. The sole remaining issue is whether petitioner is entitled, under section 215 [1] to deduct support payments made to his wife during a period of separation prior to divorce. This case was submitted for decision without trial pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Howard Shapiro (hereinafter referred to as petitioner) filed a timely income tax return with the Internal Revenue Service for the taxable year 1973. During 1973, petitioner was employed as a salesman. At the time of the commencement of this action, petitioner's legal residence was New York, New York. Around April *99 of 1972 petitioner voluntarily separated from his wife, Salome Shapiro (hereinafter referred to as Mrs. Shapiro). On September 22, 1972, Mrs. Shapiro instituted an action against petitioner for a decree of divorce in the Supreme Court of the State of New York. The divorce was finally granted in December of 1974. Throughout 1973, the year in issue, petitioner continued to live apart from his wife and their two minor children, Daniel and Sabina. Prior to 1973, petitioner orally agreed to pay his wife $325 a week to support her and the children pending the final decree of divorce. No written separation agreement was ever entered into between petitioner and Mrs. Shapiro. Despite the support payments, on December 20, 1972, Mrs. Shapiro made a motion before the state court for alimony, child support, and other relief pendentelite. Her request included: (a) Alimony of $350 weekly; (b) Child support of $700 weekly; (c) Medical and dental expenses of $579; (d) Tuition and educational expenses, Daniel, of $660; (e) Tuition expenses, Sabina, of $900; (f) Gardening and home maintenance expenses of $650, and (g) Expense of a new car of $5,000. On February 7, 1973, Honorable *100 Martin Evans of the Supreme Court of the State of New York issued an order denying Mrs. Shapiro's motion in all respects. The court stated that the denial was issued [On] the grounds that the payments which defendant is making to support his family including the tuition for his son together with the income and substantial savings of the plaintiff demonstrate a lack of necessity for pendentelite financial relief * * *. Petitioner continued to make support payments totalling $16,250 to his wife and children during 1973. On his Federal income tax return for that year, he took a deduction for the payments as alimony. [2] The precise issue before us is whether the deduction is allowable under section 215 [3] of the Code as "amounts includable under section 71 in the gross income of the wife." Accordingly, the issue will be resolved by our determination as to whether the payments come within the confines of section 71, and in particular, the limitation of section 71(a)(3) [4] that they be "received * * * under a decree * * * requiring the husband to make the payments for her support or maintenance." *101 Petitioner contends that the payments do fulfill the requirements of section 71(a)(3) and hence, are deductible as alimony. He argues that the state court's order was a "decree for support" within the meaning of section 71(a)(3) because the rationale behind the decision was that the payments that petitioner was already making plus the income and savings of Mrs. Shapiro were sufficient for her support. On the other hand respondent argues that the payments were voluntary payments and that the order of February 7, 1973, was simply a denial of a request for temporary alimony and child support -- not an affirmative decree requiring petitioner to pay a specific sum of alimony to his wife, and thus not within the contours of section 71(a)(3). We agree with respondent. The law is well settled on this issue. In order for a husband to be able to deduct support payments as alimony, the payments must be includable in his wife's income under section 71. From the stipulated facts, it is clear that in 1973 there was neither a decree for divorce nor a written separation agreement, and so sections 71(a)(1) and 71(a)(2) are inapplicable. Therefore, petitioner relies on section 71(a)(3), captioned *102 "DECREE FOR SUPPORT." His reliance, however, is misplaced. Section 71(a)(3) and the regulations promulgated thereunder clearly delineate what is required to come within the section. Regulation section 1.71-1(b) states in pertinent part: (3) Decree for support. (i) Where the husband and wife are separated and living apart and do not file a joint income tax return for the taxable year, paragraph (3) of section 71(a) requires the inclusion in the gross income of the wife of periodic payments (whether or not made at regular intervals) received by her after August 16, 1954, from her husband under any type of court order or decree (including an interlocutory decree of divorce or a decree of alimony pendente lite) entered after March 1, 1954, requiring the husband to make payments for her support or maintenance. * * * * * * (4) Scope of section 71(a). Section 71(a) applies only to payments made because of the family or marital relationship in recognition of the general obligation to support which is made specific by the decree, instrument, or agreement. * * * [Emphasis added.] Petitioner argues that he was compelled to continue the payments even though the order *103 of the Supreme Court of New York totally rejected all of Mrs. Shapiro's requested relief. Petitioner reasons that if he ceased the support payments, the court would enter an affirmative order requiring him to pay limony. [5] In petitioner's view, such coercion meant that he was "bound" by a court order. However, this interpretation of section 71(a)(3) reads out of the statute the condition that the payments be made under a decree requiring the husband to make them, and ignores the admonishment of the regulations that the decree must make specific the spouse's general obligation of support. Not surprisingly, the case law supports the respondent's view of the statute. *104 In Taylor v. Commissioner, 55 T.C. 1134 (1971), this Court held that support payments made after the denial of a motion for temporary alimony by a New York state court were not includable in the wife's income under section 71(a)(3) even though the denial was expressly conditioned upon the continuance of the payments. The Court held that a conditional denial of alimony is not the same as an affirmative decree requiring support and that absent a currently enforceable judicial order, section 71(a)(3) does not apply. At least three memorandum opinions of this Court have followed Taylor. [6] Petitioner cites no cases, and we can find none, which reach a contrary result on this issue. Petitioner does not deny that Taylor, supra, governs this case. Instead the urges us, for several reasons, to reject the holding and logic of Taylor. Essentially, petitioner's argument is that the payments are not truly "voluntary," because if he stopped making them, he would incur *105 the wrath of the judge. Petitioner argues in his brief that he should not be "penalized for acting in a manner that he felt forced to act in." In addition, petitioner relies on Congressional history and argues that the intent of Congress was to include these payments within section 71. We are unpersuaded by petitioner's position. First of all, we reject petitioner's interpretation of the intent of Congress in enacting section 71.Originally, in order for support payments to be taxable to the wife and deductible by the husband, Congress required a decree of divorce or separate maintenance. [7] In 1954, Congress enacted the additional provisions of sections 71(a)(2) and 71(a)(3) so as to allow deductibility under certain additional formal arrangements -- a written separation agreement (section 71(a)(2)) or a court ordered decree for support (section 71(a)(3)). However in its attempt to achieve parity for support payments made pursuant to judicial sanction or under a written separation agreement, Congress did not abandon the long-standing rule of nondeductibility of alimony, except in situations where certain formal actions were involved. Taylor v. Commissioner, supra. *106 The reasons for this reluctance are obvious. Separated spouses are frequently at odds with each other, and in this situation, their tax interests are adverse. [8] State laws on support obligations are divergent and flexible, and thus there exists a wide variety of satisfactory arrangements for support of the dependent spouse. The potential for abuse is apparent, except is situations where a sum certain is explicitly required to be paid as alimony. Petitioner relies on the Senate Finance Committee Report on section 71 which uses the phrase "under any type of decree." His position, however, ignores the following phrase "requiring the husband to make payments for her support and maintenance." [Emphasis added]. [9] We are satified that in its enactment of section 71(a)(3) Congress intended that the decree be an affirmative one, currently enforceable in court, requiring the husband to pay a specific sum to his wife as alimony. *107 Section 71(a)(3) mandates an affirmative court decree, currently enforceable, requiring the husband to make specific support payments to his wife. Taylor v. Commissioner, 55 T.C. 1134 (1971). The court order of February 7, 1973, was no more than a denial of a request for alimony and child support. The court's reference to the voluntary payments petitioner was making was simply an articulation of one of the reasons behind its decision. Petitioner's voluntary payments do not fulfill the requirements of section 71, and therefore, are not deductible under section 215. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.↩
2. Petitioner took a deduction of $16,900 for alimony paid in 1973, which would be in accordance with an oral agreement of $325 a week for 52 weeks. However, both parties have stipulated that petitioner actually paid only $16,250 in support payments during 1973, and it is the latter amount which is at issue in this case. ↩
3. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) GENERAL RULE. -- In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income. ↩
4. Section 71(a)(3) reads as follows: (a) GENERAL RULE. -- * * * (3) DECREE FOR SUPPORT. -- If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.↩
5. We lack petitioner's total certainty that if he ceased payments, he would be ordered to pay alimony. The order of the Supreme Court of New York refers specifically to Mrs. Shapiro's income and substantial savings, as well as petitioner's payment of the tuition of his son. Therefore, it seems possible that the court would order sizeable child support payments rather than a large payment of alimony. Child support payments are nontaxable to the wife and nondeductible by the husband under sections 71(b) and 215.↩
6. See Levy v. Commissioner, T.C. Memo. 1974-217; Glickler v.Commissioner, T.C. Memo. 1973-91; Baker v. Commissioner↩, 1978-103.
7. See Sec. 22(k) of the Code of 1939. Without substantial change, this provision became sec. 71(a)(1) of the 1954 Code. ↩
8. The receiving spouse would want to view the payments as child support, nontaxable under sec. 71(b). The paying spouse would prefer to treat the payments as alimony, and take a deduction under sec. 215.↩
9. S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess. 10-11 (1954).↩